**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re Subpoena Duces Tecum<br>From the Securities and<br>Exchange Commission to Verizon<br>Wireless,<br><br>Stephanie Fasone, Movant. | No. 3:10mc158(SRU) |

## RULING ON  MOTION TO QUASH

On September 14, 2010 the United States District Court for the District of New Jersey issued a subpoena duces tecum directed to Cellco Partnership d/b/a Verizon Wireless – CT ("Verizon").  The subpoena was served on Verizon's custodian of records in Bedminster, New Jersey.  The subpoena seeks the production of, *inter alia*, the cellular telephone records of movant, Stephanie Fasone, and her husband, Anthony Fasone.  Stephanie Fasone, a resident of Westport, Connecticut, is the daughter of Thomas Quinn, a/k/a Frank Quinn.  Quinn is subject to a $50 million judgment and the subpoena at issue concerns efforts to collect the judgment.  *See Securities Exchange Commission v. Kimmes*, 799 F. Supp. 852 (N.D. Ill. 1992).

On October 14, 2010, after receiving letter notification of the subpoena from Verizon's custodian of records, Neustar, Fasone filed a motion to quash the subpoena and/or for a protective order.  Fasone maintains that, pursuant to the First, Fourth, Fifth and Ninth Amendments of the United States Constitution, she and her husband have a continuing expectation of privacy in their cellular telephone records, text messages, e-mail communications and the substance of wire communications.  She also claims that the temporal connection between the court's decision in *Kimmes* and the SEC's subpoena is tenuous and the SEC is guilty of laches.

- 2 -

The issuing court, on timely motion, may quash or modify a subpoena under certain circumstances.  Fed. R. Civ. P. 45(c)(A)(3).  Evident from the face of the statute is the requirement that the motion to quash be filed in the court under whose authority the subpoena was issued.  9A Charles A. Wright and Arthur R. Miller, *Fed. Prac. & Proc.* § 2463.1 (3d ed. 2008 & Supp. 2010) ("The 1991 amendments to Rule 45(c) now make it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued.").  Accordingly, the proper method to quash the subpoena at issue is to return to the District of New Jersey and seek an appropriate order.  The motion to quash and/or for protective order [doc. # 1] is denied without prejudice.

It is so ordered.

The clerk shall close the file.

Dated at Bridgeport, Connecticut, this 3rd day of December 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge